IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ISAIAH TIMOTHY FEASTER | * | |
| Petitioner | * | |
| v. | * | Civil Action No. AMD-05-2367 |
| KATHLEEN GREEN, WARDEN | * | |
| Respondent | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEMORANDUM

Petitioner, a state prisoner, seeks a writ of error coram nobis pursuant to the All Writs Act. *See* 28 U.S.C. §1651.[1] Petitioner has also filed a motion to proceed in this matter in forma pauperis. The court will grant the motion to proceed in forma pauperis and will dismiss the petition.

Petitioner's claims are based on this court's denial of his 28 U.S.C. §2254 petition on July 22, 1999. *See Feaster v. Beshears*, 56 F. Supp. 2d 600 (1999), *aff'd*, 208 F.3d 208 (4th Cir. 2000); *cert. denied*, 531 U.S. 1201 (2001).[2] Specifically, he disputes the court's determination of abuse of the writ.[3] Further, he contends the court "failed to recognize that at no previous time has petitioner

---

[1] On August 8, 1978, petitioner was convicted after a bench trial in the Circuit Court for Prince George's County of the rape, assault and battery of a 76 year old victim. He was sentenced to a term of life plus twenty years. In 1979, the Maryland Court of Special Appeals affirmed the conviction, and the Court of Appeals of Maryland denied his petition for writ of *certiorari*. In 1980, the Supreme Court denied *certiorari* review.

[2] Petitioner was represented by court-appointed counsel in that case.

[3] The doctrine of abuse of the writ is based on longstanding principles of habeas practice that were incorporated into the AEDPA. Before the AEDPA was enacted, review of successive applications was governed by the abuse of the writ doctrine. *See McCleskey v. Zant*, 499 U.S. 467, 470 (1991). This doctrine generally precluded a federal court from considering claims presented in a successive application unless the applicant could demonstrate cause and prejudice. *See Noble v. Barnett*, 24 F.3d 582, 585 (4th Cir.1994). A second exception to the abuse of the
(continued...)

had a hearing in federal court nor has he had any habeas petition ruled on the merits." Paper No. 1 at 3.

A writ of error coram nobis is granted "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). Coram nobis is an extraordinary remedy that should be granted only "to correct errors of the most fundamental character where the circumstances are compelling to achieve justice." *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973). The Fourth Circuit has observed that such collateral attacks may impose significant costs on society's interest in the finality of criminal convictions. *See United States v. Mandel*, 862 F.2d 1067, 1076 (4th Cir. 1988).

Petitioner has not articulated fundamental or compelling circumstances to justify coram nobis relief. He has already fully litigated the issues he seeks to present here, and he does not claim that he is actually innocent of the offenses for which he was convicted. Further, evidentiary hearings on §2254 petitions are rare, *see* Rule 8, Rules Governing Section 2254 Cases in the United States District Courts, and contrary to petitioner's suggestion, an evidentiary hearing is not warranted simply because a habeas petition has been filed.

In conclusion, the petition does not present compelling circumstances warranting the grant of coram nobis relief. Accordingly, the petition will be dismissed by separate order.

Filed: September 7, 2005                                __/s/_____
                                                         Andre M. Davis
                                                         United States District Judge

---

[3](...continued)
writ doctrine permitted review in "cases . . . implicating a fundamental miscarriage of justice." The AEDPA amendments to 28 U.S.C. §2244 did not apply to Feaster because his petition, filed in 1995, preceded the enactment of the statute.